UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AVON E. FAIR,

                 Plaintiff,

-against-                                            12 Civ. 6130 (LAK)

VERIZON COMMUNICATIONS, INC., et al.,

                 Defendants.
------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff objects to the report and recommendation of Magistrate Judge Ronald L. Ellis, dated March 13, 2014 (the "R&R"), to the extent that it recommended dismissal of the complaint for want of subject matter jurisdiction.

        1.    The Magistrate Judge correctly determined that complete diversity of citizenship is absent because plaintiff and defendant Verizon Communications, Inc. ("VCI") both are citizens of New York, the latter because its principal place of business is here.[1] In *Hertz Corp. v. Friend,* 130 S.Ct. 1181 (2010), the Supreme Court made plain that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1192. As a factual matter, it is undisputed that VCI's corporate headquarters – the place where its senior officers "direct, control, and coordinate [its] . . . activities" – is in New York, however extensive its operations in New Jersey and elsewhere may be. Contrary to plaintiff's contention, there was no inconsistency between VCI citing storm damage to its New Jersey operations in seeking federal disaster relief in consequence of Hurricane Sandy and the presence in New York of its corporate "nerve center."

        2.    Plaintiff contends that she states a claim arising under federal law, namely 47 U.S.C. § 255. Section 255(f), however, expressly states that "[n]othing in this section shall be construed to authorize any private right of action to enforce any requirement of this section or any regulation thereunder. The [Federal Communications] Commission shall have exclusive jurisdiction

---

[1] A corporation is a citizen of the states in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

with respect to any complaint under this section."

3. To be sure, it might be argued that the unavailability of relief under Section 255 goes to the legal sufficiency of plaintiff's supposed federal claim and not to the existence of subject matter jurisdiction based on the presence of a question arising under the laws of the United States. *See, e.g., Bell v. Hood,* 327 U.S. 678, 682 (1946). Even assuming, however, that the legal sufficiency of a putative jurisdiction-conferring federal claim ordinarily requires the resolution of the jurisdictional issue before considering the merits, that is not the case where the putative jurisdiction-conferring federal claim "is wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998) (quoting *Bell,* 327 U.S. at 682-83) (internal quotation marks omitted). In view of Section 255(f), plaintiff's claim under Section 255 is wholly insubstantial and frivolous. Accordingly, federal subject matter jurisdiction is absent. And even if the presence of the Section 255 claim were sufficient to confer jurisdiction in the sense of power, that claim would be legally insufficient and therefore would be dismissed on its merits. With the Section 255 claim dismissed, the Court would decline to exercise supplemental jurisdiction over the other claims.

Accordingly, plaintiff's objections to the R&R are overruled. Defendants' motion to dismiss the complaint [DI 19] is granted on the ground that the Court lacks subject matter jurisdiction. The Clerk shall close the case.

SO ORDERED.

Dated: June 5, 2014

_____
Lewis A. Kaplan
United States District Judge